IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-cv-380-BO

| | | |
|---|---|---|
| LUIS FRANCISCO RAMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DEFENSE COMMISSARY | ) | |
| AGENCY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the defendants' motion to dismiss [DE 28] as well as plaintiff's motion to compel discovery [DE 22] and motion for entry of default [DE 20]. For the reasons discussed below, defendants' motion [DE 28] is GRANTED; plaintiff's motions [DE 20, 22] are DENIED.

BACKGROUND

Plaintiff filed this *pro se* action in June 2019 against the Defense Commissary Agency, the Department of Defense, and three individual defendants. In his complaint, plaintiff asserts that he was discriminated against based on his race, sex, and color. Plaintiff alleges two coworkers falsely accused him of creating a hostile work environment and spoke negatively about him to other coworkers. This allegedly led to a month-long investigation where he was temporarily removed from the department in which he worked.

Defendants move for dismissal for a number of reasons, including plaintiff's failure to exhaust his administrative remedies by first filing an Equal Employment Opportunity Commission ("EEOC") charge and that the individual defendants are not appropriate parties to this action.

## DISCUSSION

A plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the EEOC before filing suit under Title VII. *Smith v. First Union Nat. Bank*, 202 F.3d 234, 247 (4th Cir. 2000). Although not jurisdictional in nature, this exhaustion requirement is a mandatory processing rule. *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019). Here, plaintiff did not file a charge of discrimination with the EEOC. Without an EEOC charge, plaintiff has failed to state a Title VII claim upon which relief can be granted and his complaint must be dismissed.

Plaintiff moves for (1) entry of default against the defendants who did not file responsive pleadings or motions within the appropriate time period and (2) an order compelling production of documents. At this point, all of the defendants have appeared and joined in the motion to dismiss. Plaintiff would have been unable to reduce any defaults to judgment because he failed to exhaust his administrative remedies. This case must be dismissed, and plaintiff's motions denied.

## CONCLUSION

For the above reasons, defendants' motion to dismiss [DE 28] is GRANTED. Plaintiff's complaint is DISMISSED WITH PREJUDICE. Plaintiff's motions [DE 20, 22] are DENIED. The Clerk is DIRECTED to close the case.

SO ORDERED, this ____ day of March, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE